UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: FIDDLER GONZÁLEZ & RODRÍGUEZ, PSC, <br><br> Debtor. | Bankruptcy Case 17-03403 (MCF) <br><br> Chapter 7 |
| NOREEN WISCOVITCH-RENTAS, as Chapter 7 Trustee of the Debtor, FIDDLER, GONZÁLEZ & RODRÍGUEZ, PSC <br><br> Plaintiff, <br><br> vs. <br><br> JOSÉ J. SANTIAGO MELÉNDEZ, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JANE DOE 1, HANE DOE 2, JANE DOE 3, AND FOR EACH JOHN AND JANE DOE, THEIR RESPECTIVE SPOUSES AND CONJUGAY PARTNERSHIPS, <br><br> Defendants. | Adv. Proc. No:19-00313-MCF |

**ANSWER TO ADVERSARY COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW co-defendant José J. Santiago Meléndez, of legal age, single, attorney at law, and a resident of San Juan, Puerto Rico, through the undersigned attorney, and

respectfully SHOWS and PRAYS to the Court as follows:

1. Paragraphs 1-4 of the Complaint do not require a responsive pleading. Nevertheless, they are hereby admitted.

2. Paragraphs 5 and 6 of the Complaint are hereby admitted.

3. Paragraph 7 of the Complaint does not require a responsive pleading.

4. Paragraph 8-11 of the Complaint are hereby admitted.

5. Paragraph 12 of the Complaint is hereby denied as to defendant herein.

6. Paragraph 13 of the Complaint is hereby denied for lack of knowledge as to the truth of its averments.

7. Paragraph 14 of the Complaint is hereby denied. It is affirmatively alleged that defendant herein paid Debtor the amount of $34,336.56 between April 2015 and March 2017 for the vehicle listed in Exhibit A of the Complaint. See evidence of payments as Exhibit A to this document.

8. Regarding paragraph 15 of the Complaint, Defendant herein re-alleges and incorporates by reference the allegations made regarding all prior paragraphs of the Complaint.

9. Paragraphs 16 and 17 of the Complaint do not require a responsive pleading.

10. Paragraphs 18, 19, 20 and 21 of the Complaint are hereby denied.

11. Paragraph 22 of the Complaint does not require a responsive pleading.

Nevertheless, it is hereby denied.

12. Regarding paragraph 23 of the Complaint, Defendant herein re-alleges and incorporates by reference the allegations made regarding all prior paragraphs of the Complaint.

13. Paragraphs 24, 25 and 26 of the Complaint do not require a responsive pleading. Nevertheless, they are hereby denied regarding Defendant herein.

14. Paragraph 27 of the Complaint is hereby denied.

15. Paragraphs 28, 29, 30 and 31 are conclusions of law which do not require a responsive pleading. Nevertheless, they are hereby denied.

16. Paragraph 32 of the Complaint is hereby denied regarding Defendant herein.

17. Paragraph 33 and 34 are conclusions of law which do not require a responsive pleading. Nevertheless, they are hereby denied.

18. Paragraph 35 of the Complaint is hereby denied.

19. Paragraph 36 of the Complaint is a conclusion of law which does not require a responsive pleading. Nevertheless, it is hereby denied.

20. Regarding paragraph 37 of the Complaint, Defendant herein re-alleges and incorporates by reference the allegations made regarding all prior paragraphs of the Complaint.

21. Paragraphs 38 and 39 of the Complaint are conclusions of law which do not

require a responsive pleading. Nevertheless, they are hereby denied.

22. Paragraph 40 of the Complaint is hereby denied.

23. Regarding paragraph 41 of the Complaint, Defendant herein re-alleges and incorporates by reference the allegations made regarding all prior paragraphs of the Complaint.

24. Paragraph 42 of the Complaint does not require a responsive pleading. Nevertheless, it is hereby denied.

25. Paragraph 43 of the Complaint is hereby denied.

26. Regarding paragraph 44 of the Complaint, Defendant herein re-alleges and incorporates by reference the allegations made regarding all prior paragraphs of the Complaint.

27. Paragraph 45 of the Complaint does not require a responsive pleading. Nevertheless, it is hereby denied.

28. Paragraph 46 of the Complaint does not require a responsive pleading.

29. Paragraph 47 of the Complaint is hereby denied.

30. Regarding paragraph 48 of the Complaint, Defendant herein re-alleges and incorporates by reference the allegations made regarding all prior paragraphs of the Complaint.

31. Paragraph 49 of the Complaint does not require a responsive pleading. Nevertheless, it is hereby denied since there are no Conjugal Partner Defendants.

32. Paragraph 50 of the Complaint does not require a responsive pleading.

33. Defendant herein denies any allegation of the Complaint which has not been expressly admitted in the foregoing answer to the Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint, as stated, does not state a cause of action upon which relief may be granted.

2. A paid automobile was part of a partner's compensation package and, therefore, constituted part of the partner's salary or fringe benefits. In this case, however, the Infiniti Q70 was paid by defendant herein through payments to Debtor and/or direct payment to the financial institution, Popular Auto.

3. The claim did not consider the automobile depreciation when determining its value at the transfer date.

4. Compensation. Debtor owes defendant herein unpaid earned salaries and deferred compensation in excess of the amount claimed in the Complaint.

5. The Complaint filed is totally frivolous and, as such, defendant is entitled to costs and attorney's fees.

**COUNTER CLAIM**

1. At all times material to this action, Defendant was a shareholder of the Debtor.

2. On December 2014 Defendant herein and Debtor jointly leased and/or

purchased an automobile Infiniti Q70, model 2014. Said lease and/or purchase was financed by Popular Auto, Inc.

3. At the time of said lease and/or purchase, all of Debtor's shareholders were entitled as part of their compensation package to a paid automobile by Debtor.

4. The aforementioned lease and/or purchase was made by both Defendant herein and Debtor pursuant to the then existing compensation package of Defendant herein and of Debtor's policies and regulations.

5. Although pursuant to the then compensation package and Debtor's policies and regulations all payments for the purchase and/or lease of the Infiniti Q70 should have been made by Debtor, beginning on April, 2015 and up to March, 2017 Defendant herein made monthly payments of $1,430.69 to Debtor, Fiddler, González & Rodríguez, for the aforementioned vehicle. Copy of the checks are attached herewith as Exhibit A.

6. On March 2017 the lease and/or purchase agreement financed by Popular Auto was transferred to Defendant herein.

7. Pursuant to Exhibit A of the Complaint, at the time of the transfer, the vehicle's value was estimated to be $26,697.

8. As of the transfer date Defendant herein had paid Debtor the amount of $36,336.56. That is, $8,146.56 in excess of the estimated value of the vehicle at that time.

9. Since Defendant had paid in excess of the vehicle's estimated value at the time of the transfer, Defendant is entitled to recover from Debtor the amount paid in

excess of the estimated value.

10. Immediately after the transfer date, Defendant herein continued paying the monthly installments directly to Popular Auto, Inc. up December 2018, when the vehicle was paid in full.

11. Debtor is, therefore, not entitled to recover anything from Defendant herein relating to the lease and/or purchase of the Infiniti Q70.

## PRAYER

WHEREFORE, Defendant respectfully prays that the Complaint against defendant herein be dismissed with costs and attorney's fees awarded to defendant herein for the filing of a frivolous complaint. It is further requested Defendant herein' s counter-claim be granted, and judgment be entered in favor of defendant in the amount of $8,146.56 with costs and attorney's fees.

I HEREBY CERTIFY that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the participants appearing in said system, and also by mail service to Jesús M. Suárez, Esq., Genovese Joblove & Battista, P.A., 100 S.E. 2nd Street, 44th Floor, Miami, FL 33131 (jsaurez@gib-law.com); David C. Cimo, Esq., Cimo Mazer Mark PLLC, 110 S.E. 2nd Street, Suite 3650, Miami, FL 33131 (dcimo@cmmlawgroup.com).

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 6th day of June 2019.

                                        RB LAW OFFICES
                                        */s/Enid S. Rodriguez-Binet*
                                        **Enid S. Rodriguez-Binet, Esq.**
                                        **USDC No. 203609**
                                        1645 Adams St., San Juan, PR 00920

Tel/fax: 787-793-4745
erb@rodriguezbinetlaw.com